542 A.2d 1065

John Frye, Appellant *v.* Civil Service Commission, Appellee.

Civil Service Commission, Appellant *v.* John Frye, Appellee.

Argued February 22, 1988, before Judges Craig and Doyle, and Senior Judge Kalish, sitting as a panel of three.

156

*Jeffrey S. Orchinik, Mozenter, Molloy & Durst,* for appellant/appellee, John Frye.

*Steven K. Ludwig,* Assistant City Solicitor, with him, *Ralph J. Teti,* Chief Deputy City Solicitor, for appellee/appellant, Civil Service Commission.

OPINION BY JUDGE CRAIG, June 15, 1988:

John Frye, a Philadelphia police officer, and the Philadelphia Civil Service Commission have cross-appealed a 1987 order of the Court of Common Pleas of Philadelphia which purported to modify an unappealed 1984 order of that court, which had reversed a 1982 commission decision dismissing the officer and had ordered that he be reinstated in his police officer position and receive "all backpay and other emoluments which shall have accrued to him."

The unfortunate history of this case is complicated by a number of errors.

The Philadelphia Civil Service Commission's decision had affirmed dismissal of the officer on the ground that his involvement in an off-duty altercation at a club, during which the discharging of his revolver resulted in the death of a citizen, constituted conduct justifying dismissal.

After the officer appealed the commission's decision to the common pleas court in December of 1982, his attorney and the city's attorney stipulated, on August 15, 1984, that the city would have until September 25, 1984, to file its brief with respect to the appeal. However, on that very same date, August 15, the common pleas court issued the above-described order, reversing the dismissal decision and ordering reinstatement and backpay from the time of dismissal. Inexplicably, the court marked that order as "UNCONTESTED," a designation apparently inconsistent with the contemporary stipulation which afforded the city an opportunity to contest the matter by filing a brief.

The official docket entries of the common pleas court show that the prothonotary entered that order and also noted the giving of notice under Pa. R.C.P. No. 236, which requires that prothonotaries mail notice of orders to parties of record. Under Pa. R.A.P. 108(a)(1), that notation also established August 15, 1984 as the date of entry of the order with respect to the commencement of the thirty-day period for appealing the order. *See Matter of Dinardi,* 84 Pa. Commonwealth Ct. 598, 480 A.2d 338 (1984).

Therefore, on the face of the record, that August 15, 1984 order—which the city has not appealed—appeared to be no longer subject to appeal.

However, the parties and the court now agree that, despite the docket notation, the prothonotary failed to give either the officer or the city any notice of the 1984 order. Hence the city took no action, and the officer did

not seek reinstatement pursuant to that order until his new counsel learned about the 1984 order by examining docket entries in November of 1986, nearly two years later.

Thereafter, in January, 1987, the officer filed a motion with the trial court to hold the city in contempt for failure to obey the 1984 order. The city, in addition to answering that motion, also filed a motion to reconsider and vacate the 1984 order.

Thereafter, a different judge of the common pleas court entered an order dated April 23, 1987, purporting to reiterate in part and modify in part the 1984 order by requiring reinstatement, but with backpay to be awarded only from the August, 1984 date of the original trial court order, rather than from the date of the officer's dismissal in 1981.

The parties have filed their present cross-appeals only from the 1987 order. However, the city attacks the 1984 order within the framework of the city's motion to reconsider and vacate it, a motion refused by the 1987 order.

In an opinion filed, pursuant to these appeals, to support the 1987 order, the 1987 judge stated that he saw "no reason to go into the record and examine the propriety" of the 1984 order.

The remedy for a failure by a prothonotary to give the notice of an order to the parties, as required by Pa. R.C.P. No. 236, is to insure that the party entitled to the notice is not prejudiced by the error. *Duffy v. Gerst*, 286 Pa. Superior Ct. 523, 429 A.2d 645 (1981).

Therefore, the first question is what should be done to cure the prejudice resulting from the admitted and acknowledged failure of the court to give notice of the 1984 order. That failure clearly prejudiced *both* sides. It disabled the city from appealing the order or otherwise contesting it. It prejudiced the officer by leaving him unaware of a decision favorable to him on its face.

The first judge's formulation of the 1984 order without awaiting a brief from the city, and the "UNCONTESTED" label applied to that order, together indicate that the 1984 order did not proceed from a consideration of the merits of the record of the Civil Service Commission. To reverse a Civil Service Commission decision, the common pleas court must give consideration to the merits; it cannot reverse an agency decision and decide in favor of an appellant merely upon the basis that the appellee has defaulted. *Civil Service Commission of the City of Philadelphia v. Farrell,* 99 Pa. Commonwealth Ct. 631, 513 A.2d 1123 (1986). Accordingly, the court, in 1987, should not have refused the city's motion to vacate and reconsider the 1984 order.

Because the parties appear to agree that, despite the docket entry notation, the prothonotary never mailed notice of the 1984 order, the time for appealing that order never ran against the city. *Matter of Dinardi.*

Accordingly, there was no legal warrant for refusing to re-examine the 1984 order and also, there was no basis for revising the backpay period without reference to any authority for doing so. That change, described in the supporting opinion as "an attempt to fashion an equitable resolution," cannot stand. If reversal of the commission decision and deciding in the officer's favor was proper, then the officer had backpay rights from the time of the dismissal thereby determined to have been improper. The court's failure to issue notice of the 1984 order should not operate to prejudice the officer by diminishing backpay entitlement.

Therefore, vacating both the 1984 and the 1987 orders is necessary, together with a remanding of this case with a direction to review the merits of the Civil Service Commission decision after affording each of the parties an opportunity to file briefs on the same.

160

ORDER IN 1124 C.D. 1987

NOW, June 15, 1988, the order dated August 15, 1984, and the order dated April 23, 1987 are both vacated, and this case is remanded with a direction to review and issue a decision with respect to John Frye's appeal of the adjudication of the Philadelphia Civil Service Commission dated December 3, 1982, after affording the parties a reasonable opportunity to rest upon present briefs or submit new briefs, minimizing further delay.

Jurisdiction relinquished.

ORDER IN 1147 C.D. 1987

NOW, June 15, 1988, the order dated August 15, 1984, and the order dated April 23, 1987 are both vacated, and this case is remanded with a direction to review and issue a decision with respect to John Frye's appeal of the adjudication of the Philadelphia Civil Service Commission dated December 3, 1982, after affording the parties a reasonable opportunity to rest upon present briefs or submit new briefs, minimizing further delay.

Jurisdiction relinquished.