In the Matter of Revocation of Retail Dispenser Eating Place License No. E-4797 and Sunday Sales Permit No. SS-4797, Issued to Mariano W. Dinardi and Estate of John B. Dinardi, Madeline Dinardi, Executrix. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Hearing before Judge CRAIG, November 7, 1983.

*Felix Thau,* Assistant Counsel, with him, *Gary F. Di Vito,* Chief Counsel, for appellant.

*John J. Dirienzo, Jr., Fike, Cascio and Boose, P.C.,* with him, *Harvey B. Reeder,* for appellees.

MEMORANDUM OPINION BY JUDGE CRAIG, November 9, 1983:

The Pennsylvania Liquor Control Board (LCB) appealed from an order of the Court of Common Pleas of Huntingdon County which reversed a LCB revocation of a retail license. The Dinardis, the licensees, have moved to quash the appeal on the ground that the LCB was untimely in filing it.

As revealed by the docket entries, produced in response to an earlier order of this court, the LCB filed its notice of appeal to this court on August 18, 1983. That appeal was from trial court's reversal action, embodied in two orders, both dated May 6, 1983. Apparently, the trial judge also orally delivered his reversal order from the bench on May 6, 1983. However, under Pa. R.A.P. 301(a):

No order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court.

Also, subparagraph (c) of the same Rule of Appellate Procedure provides:

A direction by the lower court that a specified judgment, sentence or other order shall be

entered, unaccompanied by actual entry of the specified order in the docket . . . does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

Therefore, under Pa. R.A.P. 903(a), the thirty-day appeal period from "the entry of the order" did not commence to run from May 6, 1983 because no docket entry was then made nor did any party file a praecipe to reduce a bench order to a written one, as provided by Pa. R.A.P. 301(d).

The docket entries disclose that one of the May 6 orders was docketed on May 10, 1983 and the second one was docketed July 12, 1983.

However, Pa. R.A.P. 108(a)(1) provides that, when an appeal period is counted from the entry of the order appealed, "the day of entry shall be the day the clerk of the court . . . mails or delivers copies of the orders to the parties. . . ."

Here neither the record nor any party can provide information as to the date on which either of the orders was mailed. At best, we have the LCB's claim that it received one of the orders on July 19, 1983 and the other on July 28, 1983.

Because no rule or statute gives any significance to the date of receipt, we have reexamined the docket but find no notation as to when either of the orders was transmitted to the counsel for the LCB. Pa. R.C.P. No. 236, governing the business of trial courts generally, provides that each "prothonotary shall immediately give written notice by ordinary mail of the entry of any order . . . to each party . . . or to the party's attorney of record." Subsection (b) of that Rule provides:

The prothonotary shall note in the docket the giving of the notice. . . .

Although Pa. R.A.P. 108(b) makes a cross-reference to Pa. R.C.P. No. 236(b) only with respect to "a matter subject to the Pennsylvania Rules of Civil Procedure," and statutory appeals such as this are not specifically governed by the Rules of Civil Procedure, we have consistently held that Pa. R.C.P. No. 236, regulating the business of courts in general and applying to "any order", is applicable for the purpose of determining the commencement of the appeal time in these cases. As the note to Pa. R.A.P. 108 states, the purpose of the rule is "to fix a date from which the time period . . . shall be computed." Because, as the foregoing analysis outlines, the appeal limitation period is measured from the date of entry, which cannot be earlier than the mailing date, which in turn must be evidenced by a notation in the docket, the moving parties in a motion to quash on such a basis necessarily have a difficult time sustaining their burden if they lack independent evidence as to when the prothonotary mailed notice of the order.

*Schmidt v. Commonwealth of Pennsylvania,* 495 Pa. 238, 433 A.2d 456 (1981), although it involved an appeal from a state administrative tribunal, is nevertheless pertinent because the Supreme Court there considered the issue of determining the mailing date in order to fix the date of entry commencing the appeal period; the Supreme Court stated that "[k]nowledge of a decision's mailing date is *essential.*" (Emphasis in original.) *Id.* at 242, 433 A.2d at 458.

This court followed *Schmidt* in *Hanna v. Zoning Board of Adjustment of Pittsburgh,* 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981), which involved the timing of an appeal from a local zoning board, rather than from a common pleas court, but also turned upon the key question of determination of the mailing date of the decision. We held that an appeal cannot be quashed as untimely where there is insuf-

ficient evidence of mailing date. We also stated, pertinently to a contention here made by the Dinardis, that:

> We do not interpret the Supreme Court's reasoning in Schmidt to require that the Appellant calculate, *after* receiving notice of a decision, the date on which that notice was probably mailed. (Emphasis in original.)

*Hanna,* 62 Pa. Commonwealth Ct. at 625, 437 A.2d at 118. We held that the burden is placed upon the decision-making tribunal to provide formal notification of the relevant date.

Accordingly, because of insufficient evidence as to when the appeal period commenced, the motion to quash is denied.

ORDER

Now, November 9, 1983, appellees' motion to quash the appeal is denied.