### 544 A.2d 1115

Civil Service Commission, Appellant *v.* Althea E. Rogers, Appellee.

Argued June 17, 1988, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Richard C. McNeill, Jr.,* Assistant City Solicitor, for appellant.

*Margaret A. Browning, Spear, Wilderman, Sigmond, Borish, Endy* & *Silverstein,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, July 28, 1988:

The Civil Service Commission of the City of Philadelphia (Commission) appeals the order of the Court of Common Pleas of Philadelphia which reversed a Commission adjudication that Althea E. Rogers (Appellee) had violated the residency requirement of the City of Philadelphia (City), Philadelphia Civil Service Regulation 30.01. We affirm.

Appellee was employed as a security guard at the Art Museum. On her employment application she gave her address as 505 North 30th Street, Philadelphia; and then moved to 1529 Myrtlewood Street, Philadelphia, where she lived with her sister. Philadelphia Civil Service Regulation 30.01 requires all employees of the City to have been a *bona fide* resident of the City for one year prior to appointment and after appointment to maintain a *bona fide* residence in the City.

In April of 1982, Appellee was arrested by Philadelphia police and gave her address as Bensalem, Pennsylvania. Investigators from the City controller's office following up this information established that Appellee had co-signed a rental application with her boyfriend at an apartment complex on Knights Road in Bensalem Township, Bucks County. The investigators followed Appellee to and from work and on nine separate occasions between April 20th and May 10th observed Appellee either driving to the Bensalem apartment after work or emerging from the apartment in the morning to drive to work.

Acting on this information, on May 19, 1982, the Commission personally served on Appellee at her place of employment a ten-day suspension with notice of intent to dismiss pursuant to Philadelphia Civil Service Regulation 17.01 for violation of the residency requirement. On May 29, 1982, a notice of dismissal was sent certified mail to the Bensalem address and returned unclaimed. No notice of dismissal was ever personally served on Appellee. Appellee did not return to work after May 19, 1982. She confirmed through her union representative that she had been dismissed and appealed to the Commission contending that she was not a permanent resident of Bucks county and that the City had violated Philadelphia Civil Service Regulation 17.01 and her due process rights by failing to serve on her a notice of dismissal. The Commission found, despite Appellee's testimony that she continued to reside in Philadelphia while visiting her boyfriend in Bucks County, that Appellee's actions exhibited an intent to permanently reside outside the City.

On appeal, the trial court reversed, finding that the most the Commission had proved was that Appellee had two residences, not that she had changed her domicile, and that the failure to serve a notice of dismissal on Ap-

pellee in direct violation of Philadelphia Civil Service Regulation 17.01 violated Appellee's. due process rights.[1] The trial court's order of September 8, 1987, reversing the Commission and reinstating Appellee was mailed to the parties on September 10, 1987. However, this order was not docketed by the Prothonotary until September 22, 1987. The Commission's notice of appeal to this Court is dated October 22, 1987. Appellee has filed a motion to quash the appeal as untimely.

Appellee's motion to quash confronts us with the question of whether a notice of appeal filed forty-two days after the order from which the appeal is taken was mailed to the parties, but thirty days after the order was docketed, is timely. Pa. R.A.P. 108(a)(1) dictates that the thirty day appeal period of Pa. R.A.P. 903(a) begins to run from the date of the order's entry, that is the date the clerk of the court mails or delivers copies of the order to the parties. But Pa. R.A.P. 301(a) states that no order of a court shall be appealable until it has been docketed by the lower court. Thus, this unusual situation in which the order appealed from was mailed before it was docketed presents us with a conflict in the rules.

Our dilemma is solved by noting that on the date of mailing, September 10, 1987, an appealable order did not exist under Pa. R.A.P. 301(a) because it had not yet been docketed. At that point in time there was nothing for the Commission to appeal. We hold that the appeals period of Pa. R.A.P. 903(a) does not begin to run until

---

[1] This appeal was originally dismissed by the trial court in motion court as uncontested because Appellant had failed to file a brief. Appellant appealed to this Court and in a memorandum opinion relying on *Civil Service Commission of the City of Philadelphia v. Farrell*, 99 Pa. Commonwealth Ct. 631, 513 A.2d 1123 (1986), we remanded to the trial court to issue a decision on the merits.

the appellant has received an appealable order. The earliest date that the Commission in the present case could have known the trial court's order was appealable was September 22, 1987. In *In Re Dinardi*, 84 Pa. Commonwealth Ct. 598, 480 A.2d 338 (1984), we held that a bench order was not appealable and was not "entered" for the purpose of Pa. R.A.P. 903(a) until docketed. We noted that "the appeals limitation period is measured from the date of entry, which cannot be earlier than the mailing date, which in turn must be evidenced by a notation in the docket. . . ." *Id.* at 601, 480 A.2d at 340. The Commission is entitled to rely on the authenticity of the court's docket records in taking its appeal.

We next turn to the Commission's contention that its failure to serve a notice of dismissal on Appellee did not violate her due process rights. Philadelphia Civil Service Regulations 17.01 and 17.02 which govern dismissals state in pertinent part:

17.01 *Dismissal, Demotion and Suspension.*

. . . .

. At any time within twenty (20) days after the end of the ten (10) day period (referring to the ten day notice of intent to dismiss) the appointing authority may, if he desires to take such action, notify the employee in writing of the effective date of dismissal or demotion and the specific reasons therefor. The appointing authority shall forthwith file a copy of this notice with the Director. If such a notice of dismissal or demotion is not sent within the twenty (20) day period, the original notice of intention shall lapse and be of no effect.

17.02 *Dismissal*

An employee in the Civil Service may be dismissed for just cause at any time by the appoint-

ing authority. Notice must be given as provided in Section 17.01 of this Regulation.

The Commission's failure to provide Appellee with the required notice renders its action dismissing Appellee *void ab initio* under its own rules. We have previously held in analogous state civil service cases decided under the Civil Service Act (Act), Act of August 5, 1942, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1005, that failure to give adequate notice of dismissal violates the due process rights of an employee to have reasonable notice of the charges against her and an opportunity to defend. *Lylo v. Department of Environmental Resources,* 83 Pa. Commonwealth Ct. 101, 477 A.2d 897 (1984); *Wood v. Department of Public Welfare,* 49 Pa. Commonwealth Ct. 383, 411 A.2d 281 (1980). Failure to give any notice of dismissal at all also violates due process. In the present case, Appellee received only a notice of intent to dismiss which under the Commission's own rules lapsed after twenty days. The Commission must suffer the consequences for failing to follow its own procedure.

Additionally, we agree with the trial court that the Commission's evidence does not establish that Appellee had no *bona fide* residence in the City. It is uncontradicted that Appellee initially had a residence in the City. While the Commission may have established that Appellee had a second residence in Bucks County, there is no evidence that Appellee abandoned her residence in the City and moved to Bucks County with intent to be domiciled there. Residence once acquired is presumed to continue until residence in a new locality and intent to remain there is established. *McCarthy v. Philadelphia Civil Service Commission,* 19 Pa. Commonwealth Ct. 383, 339 A.2d 634 (1975), *aff'd* 424 U.S. 645 (1976). Appellee's family, possessions, mail and voter's registration address remained at 1529 Myrtlewood Street in Philadelphia. Maintenance of a second

232

residence outside of the City does not necessarily violate Philadelphia Civil Service Regulation 30.01 as every City employee who owns a summer or vacation home may testify. The order of the trial court must be affirmed.

ORDER

Now, July 28, 1988, the order of the Court of Common Pleas of Philadelphia County at No. 1886 March Term 1983, dated September 8, 1987, is hereby affirmed.