**Donald Lee SMITLEY, Appellant (at 935 & 3),**

v.

**HOLIDAY RAMBLER CORPORATION, Landmark Dodge, Inc., Greg Deimler Scrap Recyclers, Smith Towing & Jeff Smith, Appellees (Two Cases).**

**Donald Lee SMITLEY, Appellee,**

v.

**LANDMARK DODGE, INC., Appellant (at 20).**

Superior Court of Pennsylvania.

Argued Oct. 30, 1997.

Filed Jan. 27, 1998.

Richard H. Shaw, Media, for Donald L. Smitley.

Jonathan H. Rudd, Harrisburg, for Holiday Rambler Corp.

Val E. Winter, York, for Landmark Dodge, Inc.

Before FORD ELLIOTT, EAKIN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

These three appeals arise out of a vehicle fire in a modified 1991 Dodge Aeromate van. The appeals present several issues concerning the proper procedure for considering a motion for summary judgment and the proper time for appealing an order granting the same. Resolution of these procedural issues also requires us to consider when a trial court may dismiss a product liability claim based solely on the plaintiff's failure to produce the allegedly defective product. We affirm in part and remand in part.

Mr. Smitley filed a complaint alleging negligence and strict product liability on August 11, 1994. The complaint named defendants Landmark Dodge, Inc. (Landmark), Holiday Rambler Corporation (Holiday), Greg Deimler, t/d/b/a Deimler Scrap Recyclers (Deimler Scrap), and Jeff Smith, t/d/b/a Smith Towing

(Smith Towing). On June 18, 1996, the trial court granted summary judgment in favor of Smith Towing without contest. On September 30, 1996, Deimler Scrap was dismissed from the suit pursuant to a settlement.

On September 23, Holiday filed a motion in limine to prevent Mr. Smitley from presenting evidence concerning damages that were covered by his insurance carrier. The court scheduled a telephone hearing for October 2 to consider this motion. Three days later, Landmark moved for summary judgment. At the telephone hearing, Mr. Smitley's counsel was informed that Landmark's motion for summary judgment would be heard in addition to the evidentiary motion. Mr. Smitley was allowed until 5:00 p.m. the following day to transmit a written response by facsimile. The court granted both Landmark's motion and the motion in limine on October 11. On October 7, Holiday filed a motion for summary judgment parallel to Landmark's. The court granted this motion on October 15.

On November 12, Mr. Smitley filed a notice of appeal challenging the orders of October 11 (summary judgment for Landmark) and October 15 (summary judgment for Holiday). This appeal is docketed at No. 935 Harrisburg 1996 (hereinafter Appeal 1). Mr. Smitley next petitioned the trial court for allowance to appeal the October 11 order nunc pro tunc. The court granted the petition on December 12. Six days later, Mr. Smitley filed a second notice of appeal. This appeal, docketed at No. 3 Harrisburg 1997, challenges only the October 11 order (hereinafter Appeal 2). On December 30, Landmark filed a notice of appeal challenging the December 12 order (allowance to appeal nunc pro tunc). This appeal is docketed at No. 20 Harrisburg 1997 (hereinafter Appeal 3).

The vehicle at issue was manufactured by Holiday and sold to Mr. Smitley by Landmark.[1] Prior to purchase Mr. Smitley informed Landmark of his intention to modify

---

1. Because we review a grant of summary judgment, we set forth the facts in the light most favorable to Mr. Smitley as taken from the pleadings, depositions, answers to interrogatories, admissions, and affidavits. *See Long v. Yingling,* 700 A.2d 508, 512 (Pa.Super.1997) (citations omitted).

the vehicle to accommodate his disability[2] during camping trips. Throughout his ownership the vehicle's engine repeatedly overheated. On April 10, 1992, Mr. Smitley received a letter from Holiday informing him that his vehicle's cooling system could be modified as part of Holiday's "continuing product improvement program." Landmark performed these modifications on May 14, 1992. Less than a month later, on June 7, the vehicle overheated while ascending a mountain road. On this occasion, however, a fire began in the engine compartment. Fortunately, Mr. Smitley and his driver escaped uninjured. The fire rapidly destroyed the vehicle and all Mr. Smitley's personal property therein. Afterwards, the remains of the vehicle were removed to a salvage yard. Mr. Smitley visited the salvage yard and specifically instructed the proprietor to preserve the remains for further investigation. On June 12, a fire investigator examined the vehicle remains. The investigator determined that the fire originated in the engine compartment. The extensive fire damage, however, prevented him from determining causation or the specific area of origin. Sometime thereafter, the remains were destroyed contrary to Mr. Smitley's explicit instructions.[3]

In the opinion filed with its October 11, 1996 order, the trial court found that Mr. Smitley's evidence on causation was insufficient to sustain a negligence cause of action. The court based this finding on the fire investigator's inability to determine the cause of the fire with a reasonable degree of certainty. The court also found that Mr. Smitley's strict product liability cause of action was barred by the spoliation doctrine. The October 15 order granting summary judgment in favor of Holiday expressly relied on the October 11 opinion.

In Appeal 1, Mr. Smitley presents the following two questions:

1. Did the trial court fail to allow [Mr. Smitley] the time to respond to a motion for summary [judgment] required by the rules of civil procedure?

2. Did the [t]rial [c]ourt incorrectly decide that the destruction of the vehicle prior to the trial of this action precludes [Mr. Smitley] from proving a product liability claim under the malfunction theory of product liability as established by decisions of the Pennsylvania Supreme Court and Pennsylvania Superior Court?

Brief of appellant Donald Smitley, 935 Harrisburg 1996, at 4.

In Appeal 2, Mr. Smitley reiterated the foregoing questions and added the following:

Did the trial court err by ordering that [Mr. Smitley] could not present evidence as to his damages which were covered by insurance?

Brief of appellant Donald Smitley, 3 Harrisburg 1997, at 5.

In Appeal 3, Landmark presents the following single question:

Can the time for filing an appeal be enlarged when the appellant does not claim fraud, breakdown in the processes of the court, or any other allowable reason for the untimely filing?

Brief of appellant Landmark Dodge, Inc., 20 Harrisburg 1997, at 2.

We first consider the question presented by Landmark in Appeal 3. Mr. Smitley apparently petitioned the trial court for allowance to file Appeal 2 nunc pro tunc because Mr. Smitley believed that the challenge of the October 11 order in Appeal 1 was untimely.[4] This, however, is not the case. In fact, the October 11 order did not become appealable until the October 15 order was entered. Thus, Appeal 1 properly preserved Mr. Smitley's challenge to both orders. Therefore, we quash Appeal 2. This determination renders Appeal 3 moot.

The time for filing appeal is measured from the date an appealable order is entered. *See* Pa.R.A.P. 903; *see also Civil Service Comm'n v. Rogers,* 118 Pa.Cmwlth. 226, 544

---

**2.** Mr. Smitley's muscular dystrophy requires him to use a wheel chair for personal mobility.

**3.** Mr. Smitley never transferred title in the vehicle remains to the salvage yard.

**4.** If the time for appeal of that order dated from its entry on October 11, then Appeal 1 would be two days too late. *See* Pa.R.A.P. 903(a).

A.2d 1115, 1117 (1988). "Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P.341), from a collateral order (Pa.R.A.P.313), or from an interlocutory order by permission (Pa.R.A.P. 313, 1311, 42 Pa.C.S.A. § 702(b))." *Continental Bank v. Andrew Bldg. Co.*, 436 Pa.Super. 559, 648 A.2d 551, 553 (1994). None of these appeals are taken from an interlocutory order as of right. *See* Pa.R.A.P. 311. Nor has the trial court granted permission for an interlocutory appeal. Consequently, the October 11 order was only immediately appealable if either final or collateral.

The October 11 order was not final when entered. Under Rule of Appellate Procedure 341,[5] an order granting summary judgment to several, but not all, defendants named in a civil complaint is not a final order unless the trial court expressly determines the order should be treated as such. *See* Pa.R.A.P. 341, Note (listing "an order dismissing an action ... as to less than all defendants" as an order that is not appealable absent an express determination by the trial court); *see also Bonner v. Fayne*, 441 Pa.Super. 432, 657 A.2d 1001 (1995). Instead, the partial grant of summary judgment only becomes final after entry of an order disposing of all claims or of all parties. Appeal must be taken within thirty days thereafter.[6] *See id.*; Pa. R.A.P. 341. The October 11 order only granted Landmark's motion for summary judgment. It was not until the October 15 order, granting Holiday's motion for summary judgment, that all claims or parties were disposed. The trial court made no finality determination within the thirty days provided by Rule 341(c)(1). Consequently, the October 11 order did not become final until the October 15 order was entered.

The October 11 order is not collateral. Where an order is not final it may, nevertheless, be appealable under the collateral order rule. *See* Pa.R.A.P. 313. "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." *Id.* Although not adopted until 1992, Rule 313 codifies a body of common law dating back to the United States Supreme Court decision in *Cohen v. Beneficial Industrial Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). As the Commonwealth

---

5. Prior to September 5, 1997, Pa.R.A.P. 341 provided in relevant part:

 (b) **Definition of Final Order.** A final order is any order that:
 (1) disposes of all claims or of all parties; or
 (2) any order that is expressly defined as a final order by statute; or
 (3) any order entered as a final order pursuant to subsection (c) of this rule.
 (c) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination than an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order.
 (1) An order may be amended to include the determination of finality within 30 days of entry of the order. A notice of appeal or a petition for review may be filed within 30 days after entry of an order as amended, unless a shorter time period is provided in Rules 903(c) or 1512(b).

6. We recognize that certain language in *Tohan v. Owens–Corning Fiberglas Corp.*, 696 A.2d 1195 (Pa.Super.1997), appears to contradict this statement. In *Tohan* we stated, "It is well-established that an order granting summary judgment is final and appealable. Therefore, to preserve the right to appeal once summary judgment is granted, an appeal must be filed within thirty (30) days after the entry of that order." *Id.* (citations omitted). In *Tohan*, the trial court granted summary judgment upon finding that plaintiff's claim was barred by the statute of limitations. *Id.* at 1195. This finding disposed of all claims and all parties. In contrast, our decision in *Bonner* specifically holds that, absent certification by the trial court, appeal of an order granting summary judgment to only one of several defendants named in a civil complaint is premature and must be quashed. *Bonner v. Fayne*, 657 A.2d at 1002–03. Consequently, the *Tohan* language is limited to situations where either the order granting summary judgment disposes of all claims and all parties, or the trial court certifies appeal pursuant to Pa.R.A.P. 311(c).

Court later explained, the U.S. Supreme Court limited the rule to orders that are separate from and collateral to the main cause of action in order to avoid "piecemeal adjudication of a single cause of action." *Bollinger v. Obrecht*, 122 Pa.Cmwlth. 562, 552 A.2d 359, 362 (1989). Hence, in order to qualify as collateral, an order must not be of such "*an interlocutory nature as to affect, or be affected by*" the merits of the main cause of action. *Id.* (quoting *Cohen v. Beneficial Industrial Corp.*, 337 U.S. at 546–47, 69 S.Ct. at 1225–26). As previously mentioned, the October 11 order was based on the trial court's findings that: (1) Mr. Smitley failed to produced sufficient evidence that a defect in the vehicle caused the fire and (2) the destruction of the vehicle remains precluded the product liability cause of action. These determinations effectively settled the main cause of action.[7] Consequently, the October 11 order cannot properly be characterized as collateral.

Because the October 11 order was neither final when entered nor collateral, the entry of summary judgment in favor of Landmark did not become appealable until the October 15 order was entered. Accordingly, the time for appeal lasted until November 14. *See* Pa.R.A.P. 903 (stating that the notice of appeal must "be filed within 30 days after the entry of the order from which the appeal is taken"). Therefore, the November 12 notice

timely preserved Mr. Smitley's challenge to the entry of summary judgment in favor of Landmark.

■ An appellant cannot pursue in a subsequent appeal matters which he or she could have pursued in a prior appeal. *See Spang & Co. v. USX Corp.*, 410 Pa.Super. 254, 599 A.2d 978, 981 (1991). All of the issues raised in Appeal 2 could have been raised in Appeal 1. Accordingly, Appeal 2 is not properly before this Court and must be quashed. This result renders moot Landmark's appeal of the December 11 order (Appeal 3). We proceed to consider the remaining appeal (Appeal 1).[8]

Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. We are not bound by the trial court's conclusions of law, but may draw our own inferences and reach our own conclusions. We will reverse a grant of summary judgment only when the trial

---

**7.** The October 11 order's effective resolution of all issues in the case does not make the order final. Although this gives the order aspects of finality, "the 'final aspect' approach to determining appealability has been abandoned in the 1992 amendments to Pa.R.A.P. 341." *Hanson v. Federal Signal Corp.*, 451 Pa.Super. 260, 679 A.2d 785, 787 (1996) (footnote omitted); *see also Bell v. State Farm Mutual Automobile Insurance Company*, 430 Pa.Super. 435, 634 A.2d 1137 (1993) (explaining that the 1992 amendments to Pa.R.A.P. 341 sought to simplify the determination of whether an order is final).

**8.** The Appeal 1 brief only provides argument against the entry of summary judgment in favor of Holiday. Consequently, Landmark contends that we should deem Mr. Smitley's challenge to the order granting summary judgment in its favor waived. We, however, will decline to take such action where the deficiencies of the brief do not preclude meaningful appellate review. *See Commonwealth Bank v. Iorio*, 451 Pa.Super. 330, 679 A.2d 820, 830 n. 2 (1996). The questions

presented in Appeal 1 challenge both grants of summary judgment. The grants of summary judgment present identical issues and each is discussed by Mr. Smitley in a brief before this Court. Furthermore, both Landmark and Holiday filed reply briefs in each appeal. Therefore, the deficiencies of the Appeal 1 brief do not hamper our review. Accordingly, we decline to dismiss Mr. Smitley's challenge to the grant of summary judgment in favor of Landmark.

On the other hand, the challenge to the grant of the motion in limine is only presented in Appeal 2. In that brief, Mr. Smitley admits the evidentiary limit is appropriate. Instead, Mr. Smitley argues the court erred in limiting his recovery. Because the evidentiary question is only presented in the incorrectly filed appeal and because Mr. Smitley provides no argument in support of the actual question presented, this issue is waived. *See Kituskie v. Corbman*, 452 Pa.Super. 467, 682 A.2d 378, 383 (1996), *appeal granted*, 548 Pa. 628, 693 A.2d 967 (1997); *Smathers v. Smathers*, 448 Pa.Super. 162, 670 A.2d 1159 (1996).

court has committed an error of law or abused its discretion.

*Long v. Yingling,* 700 A.2d 508, 512 (Pa.Super.1997) (citations omitted).

Mr. Smitley asserts that the trial court failed to afford him sufficient time to respond to the motions for summary judgment. Mr. Smitley argues that Rule of Civil Procedure 1035.3(a) requires trial courts to allow non-moving parties thirty days to respond to a motion for summary judgment. Rule 1035.3 provides a mechanism through which the trial court may enter judgment against a party that fails to timely file briefs. It is not meant to abrogate the general rule that "when ruling on a motion, it is within the discretion of the trial court to decide whether briefs and/or oral argument are required or whether the matter can be best disposed of from a review of the record alone." *See Myszkowski v. Penn Stroud Hotel, Inc.,* 430 Pa.Super. 315, 634 A.2d 622, 624 (1993) (citing *Gerace v. Holmes Protection of Phila.,* 357 Pa.Super. 467, 516 A.2d 354, 359 (1986)).

Despite the absence of an express notice provision, we have held that a trial court must afford parties a full and fair opportunity to argue against a motion for summary judgment. *See Taylor v. Owens–Corning Fiberglas Corp.,* 446 Pa.Super. 174, 666 A.2d 681, 689–90 (1995). Where, however, neither party is prejudiced, a trial court may grant summary judgment without providing opposing parties an opportunity to argue or file responsive briefs. *See Myszkowski v. Penn Stroud Hotel, Inc., supra.* In *Myszkowski* we upheld an entry of summary judgment without any opportunity to argue or file response briefs upon finding that "there was an extensive record before the trial court and it was aware of the legal positions of the parties." *Id.* (footnote omitted).

With regard to Mr. Smitley's negligence claim, the court found that Mr. Smitley's expert was unable to determine the cause of the fire with a reasonable degree of certainty. This conclusion is supported by both the report and the deposition of Mr. Smitley's expert. *See* report of David B. Fisher, at 3, 5 (June 12, 1992); deposition of David B. Fisher, at 11 (Aug. 5, 1996). Nothing in the record disputes the court's conclusion. Nor does Mr. Smitley's appellate brief assert that, had he been afforded more time, he would have presented additional evidence establishing a material question with regard to the negligence claim. Moreover, aside from his procedural argument, Mr. Smitley does not otherwise contend that the dismissal of the negligence claim was in error. Accordingly, we find that the trial court afforded Mr. Smitley a full and fair opportunity to respond to the motions for summary judgment concerning his negligence cause of action.

The dismissal of Mr. Smitley's strict product liability cause of action is more problematic. The court determined that no additional discovery or responsive briefs were required because

> The only factual dispute is whether [the salvage yard proprietor] destroyed the remains of the vehicle at the direction of [Mr. Smitley] or one of his agents. Under Pennsylvania law, this factual dispute is irrelevant. The case law in Pennsylvania is clear. When a plaintiff brings an action alleging an injury as a result of a defective product it is that plaintiff's duty to preserve the product for defense inspection or forfeit the claim. Since [Mr. Smitley] did not preserve his vehicle, an entry of summary judgment is appropriate.

Memorandum opinion 10/15/96, at 4 (citations omitted). Essentially, the court granted summary judgment based on the legal conclusion that there is a per se rule barring a plaintiff in a product liability action from proceeding where the plaintiff fails to preserve the allegedly defective product. We disagree.

We have stated that "where a plaintiff brings an action claiming that [she or] he suffered injury as a result of a defective product, his [or her] failure to produce the product for inspection by the defense will render summary judgment appropriate." *DeWeese v. Anchor Hocking,* 427 Pa.Super. 47, 628 A.2d 421, 423 (1993) (Olszewski, J.) (citing *Roselli v. General Electric Co.,* 410 Pa.Super. 223, 599 A.2d 685, 687–88 (1991)).

This principle has subsequently come to be known as the spoliation doctrine. *See Long v. Yingling, supra.* Three recent opinions by this Court have limited the applicability of the doctrine. In *O'Donnell v. Big Yank,* 696 A.2d 846 (Pa.Super.1997), we refused to apply spoliation where the product liability claim was based on a design defect theory rather than a manufacturing defect. In *Long v. Yingling, supra,* we refused to apply spoliation against a plaintiff where the allegedly defective product was in the control of defendant's bailee at the time it was lost. Most recently, in *Dansak v. Cameron Coca-Cola Bottling Company, Inc.,* 703 A.2d 489 (Pa.Super.1997), we refused to apply spoliation where the plaintiff was not at fault for disposing of the product. Our decision in *Dansak* was guided by the reasoning of the Third Circuit which holds that:

> key considerations in determining whether such a sanction is appropriate should be: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where

the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Id.* at 494 (quoting *Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76, 78–79 (3rd Cir.1994)).[9] As illustrated by our discussion in *Dansak,* our recent developments in the spoliation doctrine parallel the Third Circuit's reasoning in *Schmid. See Id.* at 494–95. *See also O'Donnell v. Big Yank, supra* (refusing to apply spoliation where defendants were not prejudiced); *Long v. Yingling, supra* (refusing to apply spoliation against a plaintiff where the defendant was arguably at fault). Hence, we conclude that *Schmid,* 13 F.3d at 78–79, sets forth the proper considerations for the spoliation doctrine in Pennsylvania.[10]

 Because the trial court incorrectly applied the spoliation doctrine as a per se rule, Mr. Smitley was erroneously denied sufficient time to respond to the motions for summary judgment. Mr. Smitley alleges that (1) he instructed the proprietor of the salvage yard to maintain the vehicle remains indefinitely because they would be required

**9.** The Federal District Court for the Eastern District of Pennsylvania has cited our decision in *DeWeese* as extending "the [spoliation doctrine] to include instances when a plaintiff never even had control of the product, and the product was discarded by a third party." *See Schwartz v. Subaru of America, Inc.,* 851 F.Supp. 191 (E.D.Pa.1994). Although we have the highest respect for our colleagues on that court, we must disagree with this interpretation of our decision. In *DeWeese,* a busboy at the Highland Country Club was injured when a coffee pitcher exploded. *See DeWeese v. Anchor Hocking,* 628 A.2d at 422. While the busboy received medical attention, other employees of the club discarded the remnants of the pitcher. *Id.* When the busboy brought a product liability cause of action against the manufacturer and the seller of the pitcher, the trial court granted defendants' motions for summary judgment on grounds that plaintiff failed to produce the pitcher. *Id.* In analyzing the decision below we set forth the spoliation doctrine as enunciated in *Roselli, supra.* We did not, however, resolve the matter on those grounds. *Id.* at 423. Instead, we found persuasive the busboy's argument that spoliation was inapplicable because defendants were not prejudiced by his failure to produce the pitcher. *Id.* The busboy, however, could not establish his case-in-chief without the pitcher because he lacked sufficient evidence to prove that it was manufactured or

sold by defendants. *Id.* Accordingly, we were constrained to affirm the grant of summary judgment. Thus, our affirmance rested on plaintiff's failure to establish his case-in-chief rather than on the spoliation doctrine. We fail to see how this holding extends the spoliation doctrine.

**10.** We recognize that in *Schroeder v. Dept. of Transp. of Com.,* 676 A.2d 727 (Pa.Cmwlth.1996), appeal granted 546 Pa. 672, 685 A.2d 549 (1996), the Commonwealth Court applied the spoliation doctrine to a similar situation. The *Schroeder* court, however, held that the spoliation doctrine applies even when the cause of action is based on a design defect theory. This holding directly contradicts the precedent that controls this Court. *See O'Donnell v. Big Yank, supra* (refusing to apply spoliation where plaintiffs were proceeding on a design defect theory); *see also DeWeese v. Anchor Hocking, supra* (finding persuasive the argument that spoliation is inapplicable where plaintiff's theory is based on a defect in the product's design). Furthermore, the appellant in *Schroeder* voluntarily relinquished her title in the allegedly defective vehicle to a salvage yard proprietor. *See Schroeder v. Dept. of Transp. of Com.,* 676 A.2d at 729. As previously mentioned Mr. Smitley never transferred title in the vehicle remains. Given these discrepancies, we choose not to follow the Commonwealth Court's analysis.

for litigation, and (2) the salvage yard proprietor never received title to the remains or permission to destroy them. These allegations are relevant to the "degree of fault" consideration, but are undeveloped in any of the depositions or affidavits on the record. The trial court should have afforded Mr. Smitley a fair opportunity to develop a record supporting these allegations before ruling on the motions for summary judgment concerning the product liability cause of action. Moreover, the procedure employed below denied Mr. Smitley an opportunity to fully develop his contention that he can establish his case-in-chief under the malfunction theory.

Appellees counter that they are severely prejudiced by the destruction of the vehicle remains, that appellant should have taken greater precautions to preserve the vehicle remains, and that the only expert to inspect the vehicle could not determine the cause of the fire. We agree that these arguments are relevant to deciding whether dismissal is warranted. They should be addressed to the trial court after Mr. Smitley has received a fair opportunity to respond to appellees' motions. Accordingly, we remand to allow Mr. Smitley a full and fair opportunity to respond to the motions for summary judgment. On remand the trial court should apply the considerations set forth in *Dansak, supra,* and *Schmid, supra,* when deciding whether dismissal is warranted on grounds of spoliation.

The appeals docketed at No. 3 Harrisburg 1997 and No. 20 Harrisburg 1997 are quashed. In No. 935 Harrisburg 1996, we affirm the dismissal of the negligence cause of action. With regard to the dismissal of the strict product liability cause of action, we reverse the decision of the court below and remand for further proceedings. Jurisdiction relinquished.

Concurring opinion by EAKIN, J.

EAKIN, Judge, concurring:

I agree with my colleagues that appellant's degree of responsibility for destruction of the vehicle is not irrelevant as a matter of law, but I find the prejudice here to overwhelm the rest of the considerations such that his fault is irrelevant under the facts of this case.

This vehicle was significantly modified by appellant after it left Landmark. Appellant had control of it before and after the fire. It was inspected before appellee was brought into the case by appellant's suit, yet appellant's expert offers only speculation as to the cause of the fire. The remains of the car were destroyed before Landmark could inspect it. There is substantial unfairness in forcing Landmark to try to explain why this modified vehicle caught fire in these circumstances. I find the prejudice caused by appellant's action, or inaction if that be the case, in failing to preserve the vehicle outweighs any determination of the degree of fault between appellant and his scrapyard. If the scrapyard destroyed the car against appellant's specific instruction, he may be less "at fault" in the destruction, but his remedy ought to be against the party who destroyed the evidence in contravention of his instructions.

While fault is not per se irrelevant in spoliation cases, there was an error in analysis by the Trial Court. However, any lesser remedy than that granted by the learned trial court herein is fundamentally unfair to appellee.