J-A02006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN F. LASHINSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOAN F. COLOMBERO | : | |
| | : | |
| | : | |
| | : | No. 1511 MDA 2015 |

Appeal from the Order Entered July 7, 2015
in the Court of Common Pleas of Centre County Civil Division
at No(s): 2012-4113

BEFORE: PANELLA, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 27, 2016**

Appellant, John F. Lashinsky, appeals from the order entered in the Centre County Court of Common Pleas granting Appellee's, Joan F. Colombero's, motion for summary judgment. Appellant argues the trial court erred in granting Appellee's motion for summary judgment based solely on his failure to respond to the motion within thirty days. We reverse and remand for further proceedings.

The trial court summarized the procedural posture of this case as follows:

> On November 5, 2012, Appellant filed a Praecipe for Writ of Summons. As a Complaint did not follow, the [c]ourt held a conference in chambers on January 15,

---

[*] Former Justice specially assigned to the Superior Court.

2014. Based on an ongoing criminal action that involved the parties, with [Appellant] being the defendant in the criminal action, this case was continued to the [c]ourt's April 2014 Term of Court. On March 19, 2014, the [c]ourt ordered [Appellant] to file a Complaint within 20 days. [Appellant] filed a Complaint in Breach of Contract and Unjust Enrichment on April 8, 2014, however, it was verified by [Appellant's] counsel and not [Appellant.] [Appellee] filed Preliminary Objections on April 17, 2014, objecting to the form of the verification attached to the Complaint. On the same day, [Appellant's] counsel filed a Praecipe to Substitute Verification, attaching a verification signed by [Appellant]. In its July 16, 2014 Opinion and Order, the [c]ourt found the substitution of the proper verification rendered [Appellee's] Objections moot.

[Appellee] filed an Answer and New Matter on August 4, 2014. [Appellant] filed Preliminary Objections on August 6, 2014. On August 14, 2014, [Appellee] filed Preliminary Objections in response to the Preliminary Objections filed by [Appellant]. In its September 10, 2014, Opinion and Order, the [c]ourt resolved the Preliminary Objections. On November 19, 2014, by agreement of the parties, the [c]ourt sent the case to arbitration. On February 27, 2015, [Appellant] filed a Notice of Appeal from Award of Arbitrators, demanding a jury trial. [Appellee] filed an Amended Answer to [Appellant's] Complaint with New Matter on March 20, 2015.

On March 27, 2015, [Appellee] filed a Motion for Summary Judgment. [Appellant's] counsel filed a Motion for Leave to Withdraw Appearance on April 15, 2015, alleging over two years of non-payment from [Appellant]. [Appellant's] counsel's motion was scheduled for hearing on May 12, 2015, but was continued on the representation of [Appellant's] counsel that [Appellant] did not receive notice of the hearing. The [c]ourt set both [Appellee's[1]] Motion for Summary Judgment and the Motion for Leave to Withdraw Appearance for argument on May 22, 2015. On May 18, 2014, [Appellant] filed a Motion to Continue

_____

[1] We note that the trial court states that it was Appellant's motion for summary judgment.

Hearing for [Appellee's] Motion for Summary Judgment, requesting it be heard after a resolution of the Motion for Leave to Withdraw Appearance. [Appellant's] counsel did not withdraw from representation of [Appellant], but appeared at the June 23, 2015 Summary Judgment argument to argue against entry of Summary Judgment. Additionally, [Appellant's] Opposition to [Appellee's] Motion for Summary Judgment and brief in support were filed on June 24, 2015, a day after argument.

Trial Ct. Op., 7/8/15, at 1-3.

On July 8, 2015, the court granted Appellee's motion for summary judgment. On July 15, 2015, Appellant filed a motion for reconsideration which was expressly granted on July 16, 2015. The motion was denied, following oral argument, on August 27, 2015. This timely appeal followed on September 1, 2015.[2] Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[3] The trial court filed a Pa.R.A.P. 1925(a) opinion incorporating its July 8th opinion.

---

[2] The trial court expressly granted Appellant's motion for reconsideration within the thirty-day appeal period, thereby tolling the appeal period. *See* Pa.R.A.P. 1701(b)(3) (stating: "Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit"); *Haines v. Jones*, 830 A.2d 579, 583 (Pa. Super. 2003). The trial court granted the motion for summary judgment on July 8, 2015. The court expressly granted reconsideration on July 16, 2015. Therefore, the instant appeal was timely. *See Jones*, 830 A.2d at 583; Pa.R.A.P. 1701(b)(3).

[3] Appellant raised the following issue in his Rule 1925(b) statement:

Under the circumstances of the case, [Appellant] respectfully maintains that the [c]ourt erred in concluding

Appellant raises the following issue for our review:

> Under the relevant Rules of Civil Procedure and Local Rules, did the trial court improperly grant summary judgment for responding more than thirty days after the non-moving party received service of a motion for summary judgment, when the trial court failed to enter a briefing and response scheduling order, thereby waiving any response deadline under the Local Rules; when the parties and trial court had authorized [Appellant] to take additional time in responding to the motion; when the trial court failed to identify, or attempt to identify, any prejudice for the allegedly delayed response; and when the failure to respond within thirty days was [Appellant's] first, if any, procedural error in the case?

Appellant's Brief at 5.

Appellant contends the trial court erred in granting Appellee's motion for summary judgment solely based upon his failure to respond to the motion within thirty days. *Id.* at 15. We agree.

Our review is governed by the following principles:

> [S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence

---

that summary judgment in favor of [Appellee] was appropriate solely because [Appellant] failed to file a response to [Appellee's] motion for summary judgment . . . within thirty days of receipt thereof. . . .

Appellant's Statement of Errors Complained of on Appeal, R.R. at 516a. For convenience, we refer to the reproduced record where applicable.

- 4 -

of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then,

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation marks omitted). "It is the nonmoving party's responsibility to demonstrate that a genuine issue of material fact exists, '[**a**] **witnesses'** [sic] **credibility is a determination for the jury and necessarily creates a genuine issue of material fact**." *Gruenwald v. Advanced Computer Applications, Inc.*, 730 A.2d 1004, 1009 (Pa. Super. 1999) (citations omitted and emphasis added).

> [W]e recognize that "the interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law." . . . [T]o the extent that we are required to interpret a rule of civil procedure, "our standard of review is *de novo*, and our scope of review is plenary."
>
> In addition, our interpretation of the Pennsylvania Rules of Civil Procedure is guided by the principles contained in Pa.R.C.P. 127, which provides as follows.
>
> **Rule 127. Construction of Rules. Intent of Supreme Court Controls**
>
> (a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.C.P. 127[.] Furthermore, "a note to a rule or an explanatory comment is not a part of the rule, but may be used in construing the rule."

*Barrick v. Holy Spirit Hosp. of the Sisters of Christian Charity*, 32 A.3d

800, 808-09 (Pa. Super. 2011) (some citations omitted).

Pennsylvania Rule of Civil Procedure 1035.3 provides:

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

*　　*　　*

(d) Summary judgment **may** be entered against a party who does not respond.

Note: Procedural requirements with respect to argument and briefs are governed by local rule.

In certain counties, the failure to respond to a motion may result in the motion being deemed uncontested and the entry of the judgment sought.

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) **shall state the reasons for its decision in a written opinion or on the record**.

Pa.R.C.P. 1035.3(a)(1)-(2), (d)-(e)(1)-(2) (emphases added).

Pennsylvania Rule of Civil Procedure 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

The Centre County Local Rules provide as follows.

All Motions for summary Judgment shall be filed in the Prothonotary's Office, which will then forward the Motion to the Court Administrator's Office. The Court Administrator's Office will assign the Motion to a Judge for disposition. The assigned Judge will issue an Order setting forth a

> briefing schedule and a date for argument, if any. The Prothonotary's Office will notify all counsel of record and/or unrepresented parties of the scheduling. In the event that either or both parties wish to submit the matter on briefs without oral argument, they shall communicate that wish to the Court, in writing, prior to the Argument day. However, briefs shall still be due on the days previously indicated by the Court, unless continued in writing. Failure to file a brief in a timely manner without written leave of the Court **may** result in the Court determining the issues raised in the Motion to be uncontroverted.

Centre County Local Rule of Civil Procedure * 1035.2 (emphasis added).

In **Thomas v. Elash**, 781 A.2d 170 (Pa. Super. 2001), this Court opined:

> Pa.R.C.P. 1035.3(d) **permits** a trial court to enter judgment against a party who fails to respond to a summary judgment motion. However, **the rule is by no means mandatory**. Indeed, "[i]t is not meant to abrogate the general rule that 'when ruling on a motion, it is within the discretion of the trial court to decide whether briefs and/or oral argument are required or whether the matter can be best disposed of from a review of the record alone.'" **Smitley v. Holiday Rambler Corp.**, 707 A.2d 520, 526 (Pa. Super. 1998) (citations omitted).

**Id.** at 177 (some emphasis added).

A hearing on the motion for summary judgment was held on June 23, 2015. At the conclusion of the hearing, the court stated: "Okay. I'll take a look at it and makes [sic] a decision. Thanks." Mot. Summ. J. Hr'g N.T., 6/23/15, at 19. In its opinion and order granting the motion for summary judgment, the trial court opined:

> Motions for summary judgment are governed by Pa.R.C.P. 1035.1 *et seq.* Rule 1053.3 provides the adverse party must file a response within thirty days after

- 8 -

service of the summary judgment motion. In the instant action, [Appellee] filed her motion for summary judgment on March 27, 2015. [Appellant] filed his response on June 24, 2015, a day after the argument was held on the motion. [Appellant's] response was outside the thirty days as **required** in Pa.R.C.P. 1035.3. Furthermore, the [c]ourt finds [Appellant] was solely responsible for causing the untimely response to the motion for summary judgment. Accordingly, [Appellee's] motion for Summary Judgment is GRANTED.

R.R. at 306a (emphasis added).

In the complaint, Appellant averred that "[a]t Appellee's request, [he] began loaning money to [Appellee] in approximately April 2007." R.R. at 10a. Appellant contended in the complaint that he loaned Appellee money for her to return to school to obtain a recertification in architecture, hire an attorney to collect back child support; purchase and maintain Appellee's automobile and provide daycare and personal items for Appellee's minor child. *Id.* at 11a. Appellant states that the parties "entered into an oral agreement under which [Appellee] agreed to receive and repay a series of loans from" Appellant. *Id.* at 12a. Appellant claims Appellee owes him $28,000. *Id.* In her answer to the complaint, Appellee denied receiving any loans from Appellant. *Id.* at 207a-08a.

Instantly, the trial court granted summary judgment based upon Appellant's late response to the motion for summary judgment. R.R. at 306a. The trial court held that Pa.R.C.P. 1035.3 "provides the adverse party must file a response within thirty days after service of the summary judgment motion." *Id.* The trial court's interpretation of Rule 1035.3 does

- 9 -

not give effect to all of its provisions. *See Barrick*, 32 A.3d at 808 (citing Pa.R.C.P. 127 ("Every rule shall be construed, if possible, to give effect to all its provisions.")). In the case *sub judice*, the trial court did not issue a briefing schedule. *See* Centre County Local Rule of civil Procedure * 1035.2. Even assuming the court had issued a briefing schedule, failure to timely file a brief would not require that the motion be deemed uncontested. *See id.*

Although the trial court may grant a motion for summary judgment without a written response if no one is prejudiced under Rule 1035.3(e)(1), the court "**shall** state the reasons for its decision in a written opinion or on the record." Pa.R.C.P. 1035.3(e)(2) (emphasis added). In the instant case, the trial court failed to state its reasons either on the record or in its opinion. *See* R.R. at 303a; N.T. at 19. We find that the court erred as a matter of law in its interpretation of Rule 1035.3. *See Barrick*, 32 A.3d at 808-09; *Elash*, 781 A.2d at 177.

Furthermore, in the complaint, Appellant contended, *inter alia*, there was an oral contract for the return of the money he loaned Appellee. R.R. at 12a. Appellee denied receiving any loans from Appellant. R.R. at 91a. Instantly, there is an issue of credibility, which is for the jury to determine. Thus, there is a genuine issue of material fact. *See Gruenwald*, 730 A.2d at 1009. We find the trial court erred as a matter of law in granting the motion for summary judgment. *See id.*; *Summers*, 997 A.2d at 1159.

For all of the foregoing reasons, we reverse the order of the trial court and remand for further proceedings consistent with this memorandum.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2016