J-S73013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERRY STRAUSSER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTEN STRAUSSER | : | |
| | : | |
| Appellant | : | No. 1180 MDA 2019 |

Appeal from the Order Entered May 28, 2019
In the Court of Common Pleas of Columbia County Civil Division at
No(s):  2011-CV-1385-DV

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                          **FILED JANUARY 24, 2020**

Kristen Strausser ("Wife"), *pro se*, appeals from the May 28, 2019 order of the Columbia County Court of Common Pleas denying exceptions to a Master's Report in this divorce action initiated by Terry Strausser ("Husband"). We remand for the preparation of a supplemental opinion.

Preliminarily, we address the facial untimely filing of the notice of appeal.  The time for filing an appeal is measured from the date an appealable order is entered.  Pa.R.A.P. 903(a); ***Smitley v. Holiday Rambler Corp.***, 707 A.2d 520 (Pa. Super. 1998).  Pa.R.A.P. 108(b) provides in relevant part that "[t]he date of entry of an order . . . shall be the day on which the clerk makes

the notation in the docket that notice of entry of the order has been given as required by Pa.R.[C.]P. 236(b)."[1]

Instantly, on July 17, 2019, Wife, who has been incarcerated at SCI Cambridge Springs in Crawford County, Pennsylvania, since January of 2011 upon an aggregated seventeen-to-thirty-four-year sentence for arson and attempted murder,[2] filed a notice of appeal from the May 28, 2019 order.  The notice of appeal included a letter addressed to the Columbia County Prothonotary and Clerk of Courts explaining that Wife never received a copy of the May 28, 2019 order until July 8, 2019, and advising that the envelope bearing a postal date stamp of July 3, 2019, was attached.  The certified record before us contains a copy of the referenced envelope, and Docket Entry 29 confirms both that the May 28, 2019 order was mailed to Wife by regular mail on May 28, 2019, but was returned to the Columbia County Common Pleas Court on June 25, 2019, marked "return to sender."  Docket Entry 29.  Docket Entry 29 further notes that the May 28, 2019 order was "Resent to SCI on 7/2/19."  Therefore, we are satisfied that the notice of appeal, filed by Wife

---

[1] Pa.R.C.P. 236 provides, in pertinent part, "The prothonotary shall immediately give written notice of the entry of . . . any . . . order or judgment to each party's attorney of record or, if unrepresented, to each party."

[2] **Commonwealth v. Strausser**, 64 A.3d 269, 709 MDA 2011 (Pa. Super. filed January 3, 2013) (unpublished memorandum); **Commonwealth v. Strausser**, 153 A.3d 1116, 1840 MDA 2015 (Pa. Super. filed June 22, 2016) (unpublished memorandum).  The Honorable Thomas A. James, Jr., presided over Wife's criminal trial.

on July 17, 2019,[3] within thirty days of July 2, 2019, is timely. ***See, e.g.,***
***Calabrese v. Zeager***, 976 A.2d 1151, 1152 (Pa. Super. 2009) (facially late
filing of notice of appeal was result of a breakdown in the operation of the
court thereby precluding quashal of appeal).

The factual and procedural history reveal that Husband filed a complaint
in divorce in 2011 and an amended complaint in 2014. Master's Report,
2/6/19, at 1. As noted *supra*, Wife was incarcerated beginning in January of
2011. N.T., 12/4/18, at 7. At that time, two daughters born of the marriage,
in 2002 and 2003, resided with Husband, as did Wife's daughter from a prior
relationship. ***Id.*** at 10; ***K.L.S. v. T.L.S.***,[4] 121 A.3d 1133, 1651 MDA 2013
(Pa. Super. filed April 15, 2015) (unpublished memorandum at 1). The parties
and maternal grandparents also litigated custody issues beginning in 2011.
***K.L.S.***, 1651 MDA 2013 (unpublished memorandum at 1–3). The custody
court, the Honorable Thomas A. James, Jr., granted Father legal and primary
physical custody and the maternal grandparents partial physical custody. ***Id.***
at 3. This Court ultimately reversed Judge James's *sua sponte* denial of
visitation to Wife. ***Id.*** at 16.

On April 17, 2015, the trial court herein, the Honorable Thomas A.
James, Jr., entered an order authorizing bifurcation of the divorce from

---

[3] While we need not analyze the filings under the prisoner mailbox rule, we
note that Wife placed her notice of appeal in the prison mail on July 14, 2019.

[4] Columbia County Court of Common Pleas Docket Number 934 of 2011.

economic issues and directing Husband to schedule all unresolved equitable distribution issues before a Master by June 1, 2015. Order, 4/17/15. Judge James granted a bifurcated decree in divorce on May 8, 2015.

Nothing further occurred in the case until Wife filed a petition on May 23, 2018, relating to Husband's failure to schedule a Master's Hearing by June 1, 2015, as had been ordered by the court in April of 2015. On June 5, 2018, the trial court, *inter alia*, referred the case to a Master, directing that the "matter should move along expeditiously in light of the delay." Order, 6/5/18. A hearing before a Master occurred on December 4, 2018. Following entry of the Master's Report to the court on February 6, 2019, Wife filed[5] twenty-four exceptions to the Report on March 28, 2019. On May 28, 2019, Judge James denied Wife's exceptions.

Wife filed her notice of appeal as explained *supra*. On August 15, 2019, the trial court directed Wife to comply with Pa.R.A.P. 1925, which she did on August 29, 2019. The trial court filed a Rule 1925(a) opinion.

In her brief on appeal, Wife raises twenty-six issues, which are the same issues set forth in her concise statement of errors complained of on appeal. Wife's Brief at 5–6; Concise Statement of Reasons Complained of on Appeal, 8/29/19, at ¶ 1. The first issue Wife raises states as follows: "[Wife] argues

---

[5] Wife requested and received an extension of time to file exceptions. Order, 3/25/19. Additionally, without explanation in the record, the Honorable Gary E. Norton recused himself from the case. Order, 3/22/19.

that Judge Thomas A. James violated PA Rules of Judicial Conduct 2.7, when he decided the order of the court dated May 28, 2019. **Judge James had recused himself from all of [Wife's] legal matters in the order dated May 29, 2015**." Wife's Brief at 5 (emphasis added).

Judge James's response to this issue in his Pa.R.A.P. 1925(a) opinion states as follows:

> [1] The first complaint alleges that this court recused himself for all of [Wife's] matters in May of 2015. This court does not recall that and there is nothing in the record that this court can find reflecting that allegation. **This court has ruled on many issues in this case and the custody case since 2015 and does not recall the recusal issue**.

Pa.R.A.P. 1925(a) Opinion, 9/4/19, at 1 n.1 (emphasis added).

Our review of the record, including the docketing statements supplied, reveals that Wife's criminal litigation and the parties' custody and divorce litigation all were occurring and ongoing in 2011. In the custody case[6] referenced *supra*, Judge James filed the following order:

> AND NOW, to wit, this 29th day of May, 2015, after consideration of "[Wife's] Petition for Disqualification (Recusal) of Judge," the [c]ourt finds the petition to be meritless. This [c]ourt has been sensitive to the custody case and has attempted to issue Orders and mediate matters in the best interest of the children. As to [Wife's] allegations of the Administrative Assistant working for former Defense counsel, the [c]ourt had no recollection and/or knowledge of the same until the filing of this petition. In fact, the [c]ourt has never spoken to the Administrative Assistant concerning the background of [Wife] during her aforesaid criminal

---

[6] This Court may take "judicial notice of other proceedings involving the same parties." **Hvizdak v. Linn**, 190 A.3d 1213, 1218 n.1 (Pa. Super. 2018) (citing **Estate of Schulz**, 139 A.2d 560, 563 (Pa. 1958)).

- 5 -

case. However, in light of the circumstances and what would be appearances in this case, **the [c]ourt hereby on its own recuses itself from the Domestic Relations cases and from the PCRA case**.

BY THE COURT,

HONORABLE THOMAS A. JAMES, JR., P.J.

Order, Columbia County Court of Common Pleas Docket Number 934 of 2011, 6/1/15; Wife's Brief at B-1, B-2. The court did not limit its ruling to the custody case, but instead, recused itself from the domestic relations **cases**, in the plural, and the PCRA case.

Due to the discrepancy presented by the trial court's representation in its Rule 1925(a) opinion herein and the order of court recited above, the trial court is directed to provide a Supplemental Opinion to this Court addressing the discrepancy. The Superior Court Prothonotary is directed to remand the record forthwith, and the trial court is directed to provide this Court with the aforementioned Supplemental Opinion within thirty days of the date this Memorandum is filed.

Case remanded. Panel jurisdiction retained.