J-S09003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHAMAR STEWARD AND MARIA COLON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2036 EDA 2020 |
| NANCY LENNOX | : | |

Appeal from the Judgment Entered October 1, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2019-22299

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 24, 2021**

Appellants, Shamar Steward (Steward) and Maria Colon (Colon), appeal from an order entered on October 1, 2020 directing the entry of summary judgment in favor of Nancy Lennox (Lennox).  We affirm.

Upon review of the certified record, we briefly summarize the facts and procedural history of this case as follows.  On September 12, 2019, Appellants filed a civil complaint alleging that, on September 15, 2017, Lennox struck a motor vehicle operated by Colon, wherein Steward was a passenger.  After discovery commenced, Lennox served Appellants with interrogatories, requests for the production of documents, and requests for admissions on November 16, 2019.  *See* Appellants' Brief at 7; *see also* Lennox's Motion to Compel, 1/20/2020, at ¶ 1 and Exhibit A.  On January 29, 2020, Lennox filed

a motion to have her requests for admissions deemed admitted due to Appellants' failure to respond.[1]

Thereafter, on August 4, 2020, the trial court entered an order directing that Lennox's request for admissions be deemed admitted. The trial court noted "that [Appellants] had over six months and countless opportunities to cure their failure to answer between the date of [Lennox's] filing the motion to have requests for admission deemed admitted on January 29, 2020 and the issuance of the [] order dated August 4, 2020 [granting Lennox's request]." Trial Court Opinion, 12/8/2020, at 6. On August 18, 2020, Appellants filed a motion to reconsider requesting the withdrawal of the August 4, 2020 order which deemed Appellants' admissions admitted. In their motion, Appellants argued they responded to Lennox's requests for admissions on August 17, 2020, 13 days after entry of the August 4, 2020 order, as evidenced by an e-mail and an attachment sent from Appellants' counsel to Lennox. **See** Motion for Reconsideration Requesting Withdrawal of Deemed Admissions, 8/18/2020, at ¶ 3(a). Appellants also alleged in their motion they produced a document to Lennox during discovery showing that Steward was not bound by a limited tort option. **Id.** at ¶ 3(b); **see also** Appellants' Memorandum in Support of Motion for Reconsideration Requesting Withdrawal of Deemed Admissions, 8/18/2020, at *2 (unpaginated) ("It is clear from the record, plaintiff Shamur Steward is full tort."). Appellants, however, did not support

---

[1] Appellants concede they "did not timely respond to Lennox's requests for admissions." Appellants' Brief at 7 (unnecessary capitalization omitted).

their motion by attaching a copy of the alleged document showing Steward's tort status.[2]  Without supporting documentation, Appellants also alleged that Colon "was out of work for approximately one year and continues to have ongoing pain[] in her back and neck."  Appellants' Memorandum in Support of Motion for Reconsideration Requesting Withdrawal of Deemed Admissions, 8/18/2020, at *7 (unpaginated).  Appellants ultimately "request[ed] a withdrawal of the admissions as 'upholding the admissions would practically eliminate any presentation of the merits of the case' and create a manifest injustice."  *See* Motion for Reconsideration Requesting Withdrawal of Deemed Admissions, 8/18/2020, at ¶ 4, *citing* **Stimmler v. Chestnut Hill Hospital**, 981 A.2d 145, 160 (Pa. 2009).  The trial court did not rule on Appellants'

_____

[2]  Appellants failed to identify the "document" purportedly turned over during discovery.   We remind Appellants:

> [I]t is the appellant's obligation to demonstrate which appellate issues were preserved for review.  Pa.R.A.P. 2117(c), 2119(e).

> *          *          *

> Thus, because our review necessitates a determination of whether issues were preserved, the appellant has the burden to demonstrate which part of the certified record reveals the preservation of the appellate issues.

**Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) (case citation omitted).

motion for reconsideration requesting withdrawal of their deemed admissions.[3]

_____

[3]   The trial court initially found that Appellants' August 18, 2020 motion to withdraw admissions did not request reconsideration, but later determined that the motion did ask the trial court to reconsider its prior August 4, 2020 order:

> [In a footnote to] an order dated September 30, 2020, [the trial court opined that] "[Appellants] failed to file a motion for reconsideration of the court's order of August 4, 2020 within thirty days.  In the same footnote, the court noted that "[p]ursuant to Pa.C.S.A. § 5505, [the trial] court was without authority to modify or vacate its order of August 4, 2020, thus [the trial] court [could] not properly consider [Appellants'] motion to withdraw admissions."  The [trial] court amended its order of September 30, 2020 in an order dated October 1, 2020, noting that "[Appellants'] motion to withdraw admissions filed on August 18, 2020 was substantially in the form of a motion for reconsideration of the court's order of August 4, 2020," but again point[ed] out that the court no longer had jurisdiction to vacate the order of August 4, 2020 given that more than thirty (30) days had passed from its entry.

Trial Court Opinion, 12/8/2020, at 3 (record citations and superfluous capitalization omitted).  Thereafter, in its subsequent opinion, the trial court determined that Appellants failed to appeal the August 4, 2020 order, which it considered a final order, within 30 days of its issuance.  *Id.* at 6-8.  More specifically, the trial court determined that the "order dated August 4, 2020 became final [after] thirty (30) days passed without a motion for reconsideration having been expressly granted and without [Appellants] appealing said order.  Pursuant to 42 Pa.C.S.A. § 5505, the [trial] court was without authority to modify or vacate the order of August 4, 2020[,] as [Appellants] request[ed], absent one of the few exceptions to modifying a final order outside of the thirty[-]day period."  *Id.* at 8, *citing* 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").
*(Footnote Continued Next Page)*

- 4 -

On August 11, 2020, Lennox filed a motion for summary judgment alleging that Appellants' deemed admissions were conclusively binding and, therefore, there were no genuine issues of material fact to decide at trial. *See* Motion for Summary Judgment, 8/11/2020, at ¶ 26 ("As [Appellants] have admitted to being bound by the limited tort option, to being unable to prove the serious injury required to collect non-economic damages, and have admitted that there are no economic damages applicable to the instant case,

---

We find the trial court's analysis to be erroneous to the extent it considered the August 4, 2020 order to be final and subject to appeal. "Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 313, 1311, 42 Pa.C.S.A. § 702(b))." *Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 524 (Pa. Super. 1998) (citation omitted). The August 4, 2020 order was interlocutory because it did not "dispose[] of all claims and of all parties." Pa.R.A.P. 341(b)(1). As a discovery order, the order was not an interlocutory order appealable as of right and Appellants did not request permission to appeal it. *See* Pa.R.A.P. 311; Pa.R.A.P. 312. It was not a collateral order since the issue involved claims central to this case. *See* Pa.R.A.P. 313. As such, the trial court erred by concluding that the August 4, 2020 order was final and subject to appeal. However, the August 4, 2020 interlocutory order, subsequently became final once the trial court granted Lennox's motion for summary judgment on October 1, 2020, as all claims against all the parties were finally decided. *See Smitley*, 707 A.2d at 524. Thus, Appellants' appeal from the grant of Lennox's motion for summary judgment would have drawn up any additional challenge to the August 4, 2020 interlocutory order. Appellants could have challenged the initial interlocutory ruling once Lennox's motion for summary judgment was entered. However, "[w]e are [also] cognizant that an appeal does not lie from the denial of a motion for reconsideration." *Century Sur. Co. v. Essington Auto Ctr., LLC*, 140 A.3d 46, 48 n.1 (Pa. Super. 2016) (citation omitted). Regardless, Appellants do not claim the trial court erred by failing to rule on reconsideration or deeming their admissions admitted. Instead, as set forth in greater detail below, Appellants claim that even with the deemed admissions there were still material issues of fact for the trial court to have considered.

there is no genuine issue of material fact with respect to [Appellants'] inability to recover as a matter of law as to their claims against [Lennox].").  On August 21, 2020, Appellants filed a response to Lennox's motion for summary judgment.  In support, Appellants attached the August 17, 2020 e-mail from their counsel, their untimely responses to Lennox's request for admission, and their previously filed motion for reconsideration requesting withdrawal of deemed admissions filed on August 18, 2020.

On September 30, 2020, the trial court entered an order granting Lennox's motion for summary judgment, which it subsequently amended by order entered on October 1, 2020.[4]   Ultimately, the trial court determined:

> [T]he record [] establishe[d] that [Appellants] were served [with Lennox's] requests for admissions and failed to timely respond within thirty (30) days under Pa.R.A.P. 4014.[5]   Not only did

---

[4] The trial court stated that it no longer had jurisdiction or the authority to vacate the August 4, 2020 order by the time Lennox filed her motion for summary judgment on August 11, 2020.  As discussed, however, Appellants filed a timely motion for reconsideration on August 18, 2020, which remained pending and unresolved at the time the trial court granted Lennox's motion for summary judgment on September 30, 2020.  As examined in greater detail below, Appellants have not challenged the denial of their August 18, 2020 motion for reconsideration requesting withdrawal of deemed admissions.

[5] "A party may serve upon any other party a written request for [] admission[s.]"  Pa.R.C.P. 4014(a).  "The matter is admitted unless, within thirty days after service of the request[] the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney[.]"  Pa.R.C.P. 4014(b).  "If the court determines that an answer does not comply with the requirements of this rule, it may order [] the matter is admitted[.]"  Pa.R.C.P. 4014(c).  "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of
*(Footnote Continued Next Page)*

[Appellants] fail to respond within the time limit prescribed by Pa.R.A.P. 4014, but they also neglected to move to cure their failure to answer even upon [receiving] notice[] of the risk of admission upon continued failure to cure. [The trial court] note[d] that [Appellants] had over six months and countless opportunities to cure their failure to answer between the date of [Lennox's] filing the motion to have requests for admission deemed admitted on January 29, 2020 and the issuance of the [] order dated August 4, 2020 [granting Lennox's request]. [… Appellants] [did not] advance a reasonable explanation for [rejecting the deemed admissions despite their untimely answers to the underlying discovery requests]. [… Appellants'] dilatory conduct [should not] have been rewarded [or Lennox] unduly prejudiced by the extreme delay.

Trial Court Opinion, 12/8/2020, at 6-7.

Furthermore, the trial court opined:

[The] August 4, 2020, order caus[ed Appellants] to be conclusively bound to the admissions they permitted to be admitted through persistently dilatory conduct. Specifically, [Appellants'] admission to requests for admissions number[ed] 1-5 established that they were bound by the limited tort option. Admissions to requests [numbered] 6-7 established that they did not suffer serious injury so as to breach the limited tort threshold. These admissions together preclude [Appellants] from recovering damages for pain and suffering. As to whether [Appellants] could prove economic damages at trial, [Appellants'] admissions to request [number] 8 established that their first-party medical coverage was not exhausted, while admissions to request[s] [numbered] 9-12 established that they do not have unpaid medical bills, out-of-pocket expenses, or lost wages. Together, these admissions preclude [Appellants] from collecting economic

---

the admission. [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining the action or defense on the merits." Pa.R.C.P. 4014(d). Again, as discussed below, Appellants do not challenge the trial court's determination that the deemed admissions were conclusively binding upon them or any other ruling relating to the court's determination.

damages. Thus, the [trial] court [] grant[ed] [Lennox's] motion for summary judgment [because Appellants] allowed their admissions to be deemed admitted, [the trial] court no longer ha[d] authority to vacate the order deeming said admissions admitted, and [] said admissions conclusively eliminate[d] any genuine issues of material fact.

Trial Court Opinion, 12/8/2020, at 6-10 (superfluous capitalization, record citations, and internal quotations omitted). This timely appeal followed.[6]

On appeal, Appellants present the following issues for our review:

I.    Whether or not the trial court erred in granting [] Lennox's [m]otion for [s]ummary [j]udgment when the issue of whether Appellants sustained serious injury is a question of fact for trial?

II.   Whether or not the trial court erred in granting [Lennox's] [m]otion for [s]ummary [j]udgment when the record before it established genuine issues of material fact?

III.  Whether or not the trial court erred in [failing to review] the record in the light most favorable to Appellants as the non-moving party, and failing to resolve all doubts as to the existence of genuine issues of material fact?

IV.   Whether the trial court erred when it improperly granted [Lennox's] [m]otion for [s]ummary [j]udgment when a genuine issue of material fact exists as to Appellants' injuries and extent of injuries?

_____

[6] On October 13, 2020, Appellants filed a motion for reconsideration of the order granting summary judgment. The trial court denied relief by order entered on October 14, 2020. Appellants filed a notice of appeal on October 14, 2020. On October 19, 2020, the trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants complied timely on October 26, 2020. On December 8, 2020, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellants' Brief at 5.[7]

Appellants claim that the trial court erred by granting Lennox's motion for summary judgment. Initially, we note that, as detailed above, Lennox's request for admissions were deemed admitted by order entered on August 4, 2020. The trial court opined that the deemed admissions were conclusively binding upon Appellants because they failed to respond, reconsideration was not granted, Appellants did not perfect an appeal of the August 4, 2020 order within 30 days, and Appellants failed to demonstrate extraordinary cause to vacate or modify the August 4, 2020 order after it became final. **See** Trial Court Opinion, 12/8/2020, at 6-8, *citing* Pa.R.C.P. 4014 and 42 Pa.C.S.A. § 5505. On appeal, Appellants do not challenge these determinations by the trial court. **See** Appellants' Brief at 17 ("Admittedly, Colon and Steward did not serve timely responses to Lennox's [r]equests for [a]dmissions. Pursuant to 4014(b), Appellants['] admissions to the above-mentioned requests were deemed admitted on December 27, 2019."). Instead, Appellants claim that despite the deemed admissions, there were still issues of material fact precluding summary judgment. **See** Appellants' Brief at 22 ("The evidence in this case, when viewed in the light most favorable to Appellants, demonstrate[s] genuine issues of material fact even with the requests for admissions deemed admitted.").

---

[7] We note that Appellants raised a single issue in their Rule 1925(b) statement. Despite presenting four issues on appeal, these four claims merely encompass the one general issue raised in the Rule 1925(b) statement, namely whether the trial court erred in granting Lennox's motion for summary judgment.

In support of their argument that genuine issues of material fact remain ripe for resolution at trial, Appellants rely upon their complaint and their untimely responses to Lennox's request for admissions dated August 17, 2020. *Id.* at 6-9. Furthermore, Appellants rely upon their answers to interrogatories and production of documents, an affidavit of no insurance coverage from Steward, and Appellants' medical records. *Id.* at 18-20. However, upon review of the certified record, these additional documents were presented to the trial court for the first time on October 13, 2020, as exhibits to Appellants' motion to reconsider the September 30, 2020 order granting Lennox's motion for summary judgment. They were not contained in the certified record at the time the trial court ruled on Lennox's motion for summary judgment. Moreover, for the first time on appeal, Appellants claim Colon's and Steward's deposition testimony, taken on June 24, 2020, created issues of material fact. *Id.* at 8 and 18; *see also* Reproduced Record at 193(a)-235(a). Appellants also claim, for the first time on appeal, that a defense expert review conducted by Dr. Lucas Zahir Margolies on August 22, 2020 also precluded the entry of summary judgment. Appellants' Brief at 20; *see also* Reproduced Record at 351(a)-353(a). Appellants principally cite our Supreme Court's decision in *Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145 (Pa. 2009) and this Court's decision *Krepps v. Snyder*, 112 A.3d 1246 (Pa. Super. 2015) to support their contentions. Appellants' Brief at 14-15; 19-21.

Our standard of review regarding an order granting a motion for summary judgment is well settled:

An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the trial court.

To the extent that an appellate court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

Additionally,

> in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. ... Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Albert v. Sheeley's Drug Store, Inc.***, 234 A.3d 820, 822 (Pa. Super. 2020)

(internal citations, quotations, and brackets omitted).

Pennsylvania Rule of Civil Procedure 1035.3 governs a response to a motion for summary judgment and provides, in pertinent part:

> (a) Except as provided in subdivision (e), **the adverse party may not rest upon the mere allegations or denials of the pleadings** but must file a response within thirty days after service of the motion identifying

>> (1) one or more issues of fact arising from **evidence in the record controverting the evidence** cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

>> (2) **evidence in the record** establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) **An adverse party may supplement the record** or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

(d) Summary judgment may be entered against a party who does not respond.

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced.  A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.

Pa.R.C.P. No. 1035.3 (internal notes omitted; emphasis added).

If a party opposing a motion for summary judgment "need[s] the trial court to consider [] facts, the response to the motion for summary judgment need[s] to place those facts properly before the trial court by specifically answering the averments of that motion."  ***Welsh v. Nat'l R.R. Passenger Corp.***, 154 A.3d 386, 395 (Pa. Super. 2017).  "The rules of civil procedure require both movant and respondent to supply specific citation to the record to support averments."  ***Id.*** at 393.  "The trial court must examine the entire record, including the pleadings, depositions, answers to interrogatories, any admissions to the record, and affidavits **that were filed by the parties before ruling on a summary judgment motion**."  ***White v. Owens-Corning Fiberglas, Corp.***, 668 A.2d 136, 142 (Pa. Super. 1995)

(citation omitted; emphasis added); *see also Fletcher v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n*, 27 A.3d 299, 305 (Pa. Cmwlth. 2011), *citing* Pa.R.C.P. 1035.3(b) ("Summary judgment will be based on the record at the time the motion is filed or made part of the record concurrent with the filing of the motion. However, in response to the motion the adverse party may supplement the record.").

> Moreover,
>
> [i]t is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case.
>
> It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal. Under our Rules of Appellate Procedure, those documents which are not part of the official record forwarded to this Court are considered to be non-existent. And, these deficiencies may not be remedied by inclusion in a brief [or] in the form of a reproduced record.
>
> It is well settled that an appellate court may consider only those facts which have been duly certified in the record on appeal.

*Bennyhoff v. Pappert*, 790 A.2d 313, 318 (Pa. Super. 2001) (internal citations, quotations, and ellipsis omitted).

In this case, we note that Appellants' untimely responses to Lennox's request for admissions were wholly irrelevant to Lennox's motion for summary judgment, given that Appellants were deemed to have conclusively admitted the relevant subject matter. By operation of the trial court's August 4, 2020 order, Appellants were deemed to have admitted: 1) they were bound by the

limited tort option; 2) they did not suffer serious injury; 3) first party coverage was not exhausted; and, 4) there were no unpaid bills. As a result, Appellants could not claim pain and suffering or economic damages. *See Varner–Mort v. Kapfhammer*, 109 A.3d 244, 248 (Pa. Super. 2015), *citing* 75 Pa.C.S.A. § 1705(a)(1)(B) (A limited-tort plaintiff cannot recover for pain and suffering or other non-economic damages unless the plaintiff's injuries fall within the definition of serious injury). Thus, the trial court did not err by refusing to consider Appellants' untimely responses to Lennox's request for admissions in ruling on Lennox's motion for summary judgment. Furthermore, upon review of the certified record, Appellants did not file the documents upon which they now rely (*i.e.*, their answers to interrogatories and production of documents, the affidavit of no insurance coverage from Steward, and/or Appellants' medical records) with either their motion for reconsideration requesting withdrawal of deemed admissions or their response to the motion for summary judgment. Before the trial court, Appellants presented those documents for the first time as attachments to their motion to reconsider the order granting summary judgment. The trial court, however, could only rely upon documents contained in the certified record as developed by the parties **before** it ruled on the motion summary judgment motion. The record makes clear that, contrary to a litigant's obligations established by well-settled Pennsylvania case law, Appellants did not place the facts they needed to withstand summary judgment into the record. Although Appellants alleged there were issues of material fact, Appellants failed to properly supplement or preserve the record.

Finally, this Court cannot consider the proffered deposition testimony or defense expert report. Those documents were never before the trial court and are not contained in the certified record filed with this Court. Appellants cannot rely upon them for the first time on appeal merely by incorporating the documents into the reproduced record or citing them in their appellate brief. Thus, taken altogether, Appellants' deemed admissions framed the dispositive facts on all material issues to be aired at trial. Appellants failed to supplement the certified record with any additional documentation to show genuine issues of material fact.

Accordingly, we reject Appellants' reliance on our Supreme Court's decision in **Stimmler v. Chestnut Hill Hosp.**, 981 A.2d 145 (Pa. 2009) and this Court's decision **Krepps v. Snyder**, 112 A.3d 1246 (Pa. Super. 2015). While those cases dealt with deemed admissions, there were additional facts of record in both cases for the respective trial courts to consider. **See Stimmler**, 981 A.2d at 159 ("Thus, [Stimmler's] "deemed admissions" to the [] IV catheterizations, which presumably merely confirms what is apparent in [Stimmler's] medical records, do not render the opinions of Drs. Reiffel and DePace speculative concerning the origin of the twelve- to eighteen-inch catheter fragment found in [Stimmler's] heart. Stated another, more metaphorical way, the lower courts erred by using the oranges of the "deemed admissions" to render null the apples of [Stimmler's] expert witness reports on the issue of the identity of the catheter found in [Stimmler's] body."); **see also Krepps**, 112 A.3d at 1250 ("The trial court agreed in principle that the

- 15 -

statements should be deemed admitted because of [Snyder's] failure to timely respond to [Krepps'] discovery request, but ruled against admissibility, questioning both the timing of the proffer and its evidentiary value in light of the testimony offered at trial."). As described at length above that is not the case instantly. Based upon all of the foregoing, the trial court properly granted summary judgment because there were no issues of material fact to consider at trial. Hence, Appellants' appellate issues lack merit.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2021